It appeared in evidence that the plaintiff was a deputy sheriff in said county, in the years 1843 and 1844, and as such had for collection a justice's judgment in favor of one A. B. Chunn, against Hugh Clark and Reuben Brown. In the spring of 1844, he sued out a ca. sa. thereon, under which he arrested them, when they gave bonds as required by law for their appearance at the next County Court. At that Court, they moved by counsel to be discharged from custody, on the ground that they had been previously arrested by the plaintiff, for the same cause of action, and voluntarily discharged by him; this motion was entertained by the Court, and the plaintiff was examined to the point, and particularly, whether he had not arrested and discharged the defendants in that case. The defendant took out *Page 492 
a State's warrant, charging the plaintiff with perjury, alleging that he swore falsely in saying that he had not, before the arrest then under consideration, previously arrested and discharged Clark and Brown; upon which warrant the plaintiff was brought before an examining magistrate and discharged. For the taking out the State's warrant, and for arresting plaintiff, and bringing him to a trial, this suit was brought.
To show what the plaintiff swore in the County Court, on the return of the ca. sa., and the question thereupon tried, plaintiff produced as a witness one Pierce Roberts, who swore that, on the occasion above stated, that plaintiff swore that he went to the house of Clark, and told him he had a ca. sa. against him, and directed him to come on to the house of Brown, to see if they could not arrange it; that he went on to Brown's, for the purpose of arresting him, and laid his hand on his shoulder, and told him he arrested him, upon which Brown required him to show his paper, and he did so; but, on examining it, they discovered a defect in the process, upon which he did not proceed further in the arrest, but summoned the debtors, Clark and Brown, before a magistrate, to have the papers corrected. Witness gave as a reason for remembering the oath of plaintiff with so much distinctness, that plaintiff was his (witness's) deputy, in the office of sheriff, and as he had heard some complaints against plaintiff about this transaction, his attention was particularly directed to it.
Several witnesses were examined for the defendant, who deposed that plaintiff swore in the County Court, that he did not arrest Clark and Brown, but did not remember whether he stated the reason why he did not arrest them.
The plaintiff then examined Hugh Clark, who swore that plaintiff came to his house in December 1843, and told him he had a ca. sa. against him and Brown, in favor of Chunn; that he was going on to Brown's, and desired him to go on there and see if they couldn't have the matter settled; that Brown had some notes with which he could settle it; that they immediately went on to Brown's, but, as witness was on foot, and plaintiff *Page 493 
on horseback, he did not keep up with him; that he did not consider himself arrested.
The defendant then examined J. W. Reeves, who stated that he was at Brown's house at the time spoken of by Clark; Plaintiff told Brown he had aca. sa. against him and Clark. Brown inquired where Clark was; plaintiff replied that he would be there in a few minutes, for that he had come by to see him, and he was on his way. Brown entreated the plaintiff not to serve the ca. sa. on him, as he was a poor man, and was not able to give security; to which plaintiff replied it was one of Lee Wells' papers, and he must serve it, and stepping up to him, gave him a slap, and said, "I served it on you also." Brown then requested plaintiff to show him his papers, which plaintiff did, and a defect was discovered in the judgment orca. sa., and B. told the plaintiff he had no authority to arrest him on those papers, and he would sue him for false imprisonment. Plaintiff said the papers had been put into his hands by Lee Wells, and he was not aware of the defect; he then summoned these parties before a magistrate to have the papers corrected. Plaintiff did not require either Clark or Brown to give security either to appear before the magistrate or at Court.
S. King was examined for the defendant also, who gave the same statement as Reeves. He further stated that Clark took him out and asked him to be security for his appearance upon the ca. sa. in question, which he declined; when they returned into the house, the defect in the papers had been discovered, and plaintiff said he would return the papers to Lee Wells or to the magistrate, to have the mistake corrected.
Willie Jones was then sworn for defendant. Said that plaintiff told him he had arrested Clark and Brown before, and had to let them go on account of a defect in the papers.
The defendant's counsel requested the Court to charge the jury, that if they should believe there was in fact no arrest of Clark and Brown, yet, if they believed the testimony of J. W. Reeves, J. King and Willie Jones, there was probable cause, and they should find for the defendant. *Page 494 
The Court refused so to charge, but instructed the jury that the first question for them to decide was, whether there was in fact an arrest of Clark and Brown, and that depended on the intention of the parties when they were together at Brown's; that if there was an arrest, and the parties so considered it, and they should find that the plaintiff swore there was no arrest, there was probable cause for suing out the State's warrant, and they ought to find a verdict for the defendant. But if, after duly considering the evidence, they should be of opinion that it, in fact, was no arrest of Clark and Brown, and that the plaintiff stated in the County Court what took place at Brown's, as deposed to by Pierce Roberts, in the presence and hearing of the defendant, then the Court instructed them that there was no probable cause for taking out the State's warrant by the defendant, and if they should further believe that the defendant was actuated by malice in what he did, the plaintiff would be entitled to damages.
Under these instructions the jury found a verdict for the plaintiff.
Motion for a new trial. Rule discharged, judgment and appeal to this Court.
The charge of his Honor, in relation to the enquiry, whether the plaintiff had in fact arrested Clark and Brown, previously to his examination in the County Court, where he swore that he had not done so, is fully supported by the decision of the Court in the action of slander between the same parties, growing out of the same transaction. JONES v. JONES, 13 Ired. Rep. 448. The residue of the charge followed necessarily from the previous part of it, and the defendant's counsel has very properly declined to contend that it is erroneous. The testimony of J. W. Reeves, S. King and Willie Jones, as stated in the bill of exceptions, is substantially the same with *Page 495 
what was sworn by the plaintiff in the County Court, as testified by Pierce Roberts; and his Honor was therefore right in refusing to instruct the jury, otherwise than he did, upon the testimony of Roberts. The judgment must be affirmed.
Judgment affirmed.